Joseph Schoenbaum v. Commissioner.
Schoenbaum v. Commissioner
Docket No. 58970.
United States Tax Court
T.C. Memo 1957-137; 1957 Tax Ct. Memo LEXIS 113; 16 T.C.M. (CCH) 615; T.C.M. (RIA) 57137; July 30, 1957
*113 Joseph L. Delaney, Esq., 580 Fifth Avenue, New York, N. Y., for the petitioner. Charles B. Markham, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion Respondent determined deficiencies in petitioner's income tax for the year 1947 in the amount of $2,093.80. At issue is the correctness of respondent's disallowance of a deduction based on alleged expenditures for travel, lodging, meals and entertainment. Findings of Fact Joseph Schoenbaum (hereinafter referred to as petitioner) filed his income tax return for the year 1947 with the collector of internal revenue for the second district of New York. Petitioner was employed by the Internal Revenue Service from 1918 until his resignation on November 15, 1944. During the course of his employment he was primarily engaged in dealing with corporate problems. George M. Levy (hereinafter referred to as Levy) is, and was in 1946, a promoter of harness racing, or, as it is sometimes called, trotting races. He has been acquainted with petitioner for approximately 25 years. In 1946 Levy was interested in retaining the petitioner to carry out certain tasks which would aid Levy in formulating his plans *114 relative to expanding his operations. Levy needed someone to make an investigation as to whether a certain track in Hot Springs, Arkansas, and another in East St. Louis, Illinois, could be operated profitably as trotting tracks. He also wanted someone to go to Florida to look into the likelihood of obtaining legislation legalizing night harness racing; to determine the opposition to such legislation that could be expected from dog track operators; and to survey the Florida horse racing tracks to discover those that would be available and could be operated profitably as trotting tracks. Some time during 1946 petitioner and Levy entered into an oral agreement under the terms of which petitioner agreed to undertake the above-described jobs. Levy agreed to pay petitioner certain fixed amounts out of which petitioner was to pay whatever expenses he incurred. Petitioner was entitled to retain whatever amount was left after payment of his expenses. Levy paid petitioner $15,000 in 1947. In the early part of 1947 petitioner, pursuant to his agreement with Levy, traveled by plane to Miami Beach, Florida. He remained there approximately 90 days. In the fall of 1947 petitioner, pursuant *115 to his agreement with Levy, traveled by plane to Hot Springs, Arkansas. He was in Hot Springs for approximately 30 days, investigating the possible operation of a trotting track there. Petitioner interrupted his stay in Hot Springs to go by railroad to St. Louis, Missouri, where he stayed approximately seven days. Petitioner went to St. Louis to survey a track site located nearby in East St. Louis, Illinois. He made the return trip from St. Louis to Hot Springs by railroad. He returned to New York by plane. On his return to New York petitioner submitted oral reports on his trips to Levy. Petitioner did not have an office of his own in New York, nor was he supplied office space by Levy. Petitioner has resided in New York City all of his life. His wife did not accompany him on the above-mentioned trips. These trips were temporary in nature. Petitioner had no experience in dealing with the problems of harness racing prior to his employment by Levy. Levy retained petitioner because he thought petitioner was well equipped to accumulate significant information and, in view of his earlier employment capable of conducting confidential investigations. Petitioner claimed a deduction *116 of $5,000 under the heading of "traveling-entertaining" for the year 1947. Respondent disallowed the entire amount of the deduction. Petitioner incurred deductible expenses for travel, food and lodging while away from home in 1947 in the amount of $2,500. Opinion RAUM, Judge: 1. Respondent's contention that deduction must be disallowed because the expenses were not incurred while petitioner was "away from home", Sections 22(n)(2), 23(a)(1)(A), Internal Revenue Code of 1939, may be dealt with summarily. Petitioner's home was in New York City, and he was hired to do several jobs that required him to travel to Florida, Arkansas and Missouri for an aggregate period of four to five months during 1947. His absence from New York was obviously temporary, and the attempt to stretch Commissioner v. Flowers, 326 U.S. 465, to cover this situation must fail. We hold that the expenses in question were incurred by petitioner while he was away from home. 2. Our principal difficulty lies in determining the amount of allowable deduction. Petitioner testified on his own behalf. His testimony at times was vague and not wholly satisfying. There runs through the evidence the suggestion *117 that petitioner's activities in Florida were concerned in part with lobbying to legalize night trotting races, and we are left in the dark as to just what he did in this connection and what portion of the claimed deduction represented expenditures that would not be allowable under Textile Mills Security Corp. v. Commissioner, 314 U.S. 326. Moreover, we are not satisfied, on the record, as to the amount actually spent by petitioner. The burden of proof was upon him, and bearing in mind the admonition in Cohan v. Commissioner, 39 Fed. (2d) 540, 544 (C.A. 2), it is our best judgment on the record, and we have found as a fact, that petitioner incurred deductible expenses for travel, food, and lodging while away from home in the amount of $2,500 during the year 1947. No evidence was presented as to expenses incurred for "entertainment". Decision will be entered under Rule 50.